IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINORITY TELEVISION PROJECT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK L.L.C.,<br><br>Defendant. | Case No. 21-cv-02214-MMC<br><br>**ORDER AFFORDING PLAINTIFF LEAVE TO FILE SURREPLY; CONTINUING HEARING ON DEFENDANT'S MOTION TO DISMISS; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is defendant Dish Network L.L.C.'s ("Dish") Motion to Dismiss, filed May 6, 2021. Plaintiff Minority Television Project, Inc. ("Minority") has filed opposition, to which Dish has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court, for the reasons stated below, finds it appropriate to afford Minority leave to file a Surreply.

In its Complaint, Minority, which operates a television station, alleges that Dish, which operates a satellite broadcast system, is "failing to obey a regularly made order of the Federal Communications Commission ['Commission']." (See Compl. ¶¶ 1, 12, 14.) Based on such allegation, Minority asserts a single claim for relief, specifically, a claim under 47 U.S.C. § 401, which provides that, "[i]f a person fails or neglects to obey any order of the Commission, . . . any party injured thereby . . . may apply to the appropriate district court of the United States for the enforcement of such order." See 47 U.S.C. § 401(b).

In its motion, Dish argues that Minority cannot base its claim on Dish's alleged failure to comply with an "Order on Reconsideration" (see Def.'s Mot. at 5:9-15), which order is referenced in the Complaint (see, e.g., Compl. ¶ 28). In its Opposition, Minority

clarifies that it is not basing its claim on Dish's alleged failure to comply with the Order on Reconsideration, but, rather on Dish's alleged failure to comply with 47 C.F.R. § 76.66 (see Pl.'s Opp. at 4:-10), a regulation also referenced in the Complaint (see, e.g., Compl. ¶ 23)   In its Reply, Dish argues that Minority cannot base its claim on a violation of the cited regulation.

Although Minority, anticipating the arguments made in Dish's Reply, requests the Court "reject any effort by Dish to completely recast its argument in its Reply" (see Pl.'s Opp. at 4:16-17), the Court agrees with Dish that, at a minimum, there exists an ambiguity as to the basis of Minority's claim, which ambiguity was not clarified until Minority filed its Opposition.

Accordingly, the Court has considered the arguments in the Reply and, to afford Minority an opportunity to address the arguments therein, hereby affords Minority leave to file, no later than July 2, 2021, a Surreply of no more than seven pages in length.

In light thereof, the hearing on Dish's motion to dismiss is hereby CONTINUED from June 25, 2021, to July 16, 2021, at 9:00 a.m.

Lastly, given the pendency of the motion to dismiss, the Case Management Conference is hereby CONTINUED from July 2, 2021, to August 27, 2021, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than August 20, 2021.

**IT IS SO ORDERED.**

Dated: June 22, 2021

MAXINE M. CHESNEY
United States District Judge