IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINORITY TELEVISION PROJECT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DISH NETWORK L.L.C.,<br><br>Defendant. | Case No. 21-cv-02214-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is defendant Dish Network L.L.C.'s ("Dish") Motion to Dismiss, filed May 6, 2021. Plaintiff Minority Television Project, Inc. ("Minority") has filed opposition, to which Dish has replied. Additionally, Minority, with leave of court, has filed a surreply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for July 23, 2021, and rules as follows.

In its complaint, Minority alleges that it operates KMTP-TV, a "local noncommercial television station," in San Francisco, California (see Compl. ¶¶ 12, 28), and that Dish operates a "satellite broadcast system" to "subscribers in San Francisco and elsewhere in this judicial district" (see Compl. ¶ 14). Minority further alleges the Federal Communications Commission ("FCC") has promulgated "rules" providing that a "noncommercial local television station may, in certain circumstances, require that a satellite broadcast company carry its signal." (See Compl. ¶ 24). In particular, Minority, citing 47 C.F.R. § 76.66, alleges "noncommercial television stations must request

1  carriage by electing mandatory carriage with the satellite carrier serving their local market
2  by October 1st of the year preceding each three-year carriage election cycle." (See
3  Compl. ¶ 25.)[1]  Minority also alleges that, with respect to the election cycle beginning
4  January 1, 2021, Minority "timely filed a mandatory carriage request on behalf of KMTP-
5  TV" (see Compl. ¶¶ 1, 6), and that Dish has "failed to obey" § 76.66 by "refusing and
6  failing to carry the broadcast signal of KMTP-TV" (see Compl. ¶ 1).  Based on said
7  allegations, Minority asserts a single claim for relief, specifically, a claim under 47 U.S.C.
8  § 401, which provides that, "[i]f any person fails to obey an order of the Commission," the
9  "party injured thereby . . . may apply to the appropriate district court of the United States
10 for enforcement of such order."  See 47 U.S.C. § 401(b).

11     In seeking dismissal, Dish argues the complaint fails to include facts to support a
12 finding it has violated § 76.66.  As set forth below, the Court agrees.[2]

13     Pursuant to § 76.66, "[e]ach satellite carrier providing . . . secondary transmissions
14 to subscribers located within the local market of a television broadcast station of a
15 primary transmission made by that station . . . shall carry upon request the signals of all
16 television broadcast stations located within the local market."  See 47 C.F.R.
17 § 76.66(b)(1).  Section 76.66 further provides that a television broadcast station seeking
18 to be carried by a satellite carrier must send "notice of its election" to "the email address
19 provided by the satellite carrier and carbon copied to ElectionNotices@FCC.gov," see 47
20 C.F.R. § 76.66 (d)(1)(iii), and that "[a] satellite carrier is not required to carry a television

---

[1] Although § 76.66 does not include a deadline by which a noncommercial television broadcast station in the continental United States must assert its carriage rights, see 47 C.F.R. § 76.66(c) (setting deadlines for "commercial television broadcast station[s]" and for "noncommercial television broadcast station[s] located in a local market in Alaska or Hawaii"), the FCC, in announcing the revisions to § 76.66 effective October 29, 2019, made clear its intent that all noncommercial television broadcast stations be "require[d]" to make their elections no later than October 1, 2020.  See Rules and Regulations, FCC, Electronic Delivery of MVPD Communications; Modernization of Media Regulation Initiative, 2019 WL 4077129, 84 FR 45659, 45663 (August 30, 2019).

[2] In light thereof, the Court does not consider herein Dish's alternative argument that § 76.66 does not constitute an "order" for purposes of § 401.

station, for the duration of the election cycle, if the station fails to assert its carriage rights by the deadlines established in [§ 76.66]." See 47 C.F.R. § 76.66(d)(1)(vii).

As Dish points out, Minority does not allege that it sent, on or before October 1, 2020, the requisite notice to Dish's email address and to the above-referenced FCC email address, see 47 C.F.R. § 76.66(d)(1)(iii), and, in the absence of Minority's providing Dish with such notice, Dish's duty to carry KMTP-TV's signal did not arise, see 47 C.F.R. § 76.66(d)(1)(vii).  Although Minority relies on its allegation, noted above, that Minority "timely filed" a mandatory carriage request, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted).

Also unavailing is Minority's reliance on what is essentially dicta in an FCC order, identified in the complaint as "MB 2020," namely, the FCC's comment therein that "KMTP timely filed its mandatory carriage request under the revised procedures and will be carried by Dish commencing with the new carriage cycle in January 2021." (See Compl. Ex. B at 4.)[3]  To the extent Minority may be contending the above language constitutes an order requiring Dish to carry KMTP-TV's signal (see Compl. ¶ 37 (alleging "[p]ursuant to . . . MB 2020, [Dish] was obligated to begin carriage of KMTP-TV on January 1, 2021")), the Court disagrees.  Moreover, Minority has clearly indicated, both in its opposition and its surreply, that it is not seeking to enforce MB 2020.  (See Pl.'s Opp. at 7:4-8; Pl.'s Surreply at 5:11-12.)

In sum, the complaint is subject to dismissal.  The Court will, however, afford Minority leave to amend, either to allege its compliance with § 76.66(d) or to otherwise assert any cognizable claim it may have against Dish.

//

---

[3] By the above-referenced order, the FCC denied a Petition for Reconsideration filed by Minority, whereby Minority had sought relief from the FCC's order denying an earlier complaint filed by Minority against Dish and finding Minority had failed to give Dish proper notice as to the three-year cycle beginning January 2018.  (See id. Ex. B at 1.)

**CONCLUSION**

For the reasons stated above, Dish's motion to dismiss is hereby GRANTED, and the complaint is DISMISSED. If Minority wishes to file an amended complaint, it shall do so no later than August 13, 2021.

In light thereof, the Case Management Conference is hereby CONTINUED from August 27, 2021, to October 22, 2021, at 10:30 a.m.

**IT IS SO ORDERED.**

Dated: July 21, 2021

_____
MAXINE M. CHESNEY
United States District Judge